UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THERESA SHORTMAN, individually and as the representative of a class of similarly-situated persons,

    Plaintiff,

v.

NEWSMAX MEDIA, INC., a Delaware corporation,

    Defendant.

Case No.: 3:20-cv-6141

**COMPLAINT—CLASS ACTION**

Plaintiff, Theresa Shortman ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint (the "Complaint") against Defendant, Newsmax Media, Inc. ("Defendant"), and alleges the following:

**INTRODUCTION**

1. This case challenges Defendant's practice of sending unsolicited automated text messages to the cellular telephones of Plaintiff and Class members, including text messages to consumers registered on the National Do Not Call Registry, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA" or "Act") and the regulations promulgated thereunder by the Federal Communications Commission ("FCC").

2. The Defendant sent at least two (2) unauthorized text messages (the "Texts") to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") for the purpose of soliciting business from Plaintiff.

COMPLAINT—CLASS ACTION - 1
CASE NO. 3:20-CV-6141

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

3. The TCPA prohibits the use of an ATDS to make <u>any</u> call to a cellular telephone number in the absence of an emergency or the prior express consent of the person being called. 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

4. The TCPA defines ATDS as "equipment that has the capacity--(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C§ 227(a)(1).

5. The FCC is empowered to issue rules and regulations implementing the TCPA. The FCC has clarified that text messages qualify as "calls" under the TCPA, affirming that:

> under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, "to any telephone number assigned to a paging service, cellular service, or any service for which the party is charged." **This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service.**

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order ("2003 Order"), 18 FCC Rcd. 14014, 14115 (July 3, 2003) (emphasis added); *see Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3rd Cir. 2013).

6. The FCC has further clarified that, except for calls made by tax-exempt nonprofit organizations or health care messages, any telephone call using an ATDS that "includes or introduces an advertisement or constitutes telemarketing" must have "prior express <u>written</u> consent" as provided at 47 C.F.R. § 64.1200(f)(8) to be compliant with the TCPA. 47 C.F.R. § 64.1200(a)(2) (emphasis added). The FCC defines "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).

COMPLAINT—CLASS ACTION - 2
CASE NO. 3:20-CV-6141

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

7. The FCC has found that automated or prerecorded calls are a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they can pay in advance or after the minutes are used. 2003 Order, 18 FCC Rcd. at 14115.

8. The TCPA also prohibits telemarketers from making telephone solicitations to persons who have listed their telephone numbers on the National Do Not Call Registry, a database established by the FCC in 2003 to allow consumers to exclude themselves from telemarketing calls unless they consent to receive the calls in a signed, written consent.

9. Consumers who do not want to receive telemarketing calls may indicate their preference by registering their telephone numbers on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2). TCPA regulation 47 C.F.R. § 64.1200(c) provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

10. These registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. *Id*.

11. A telemarketer who wishes to call a person listed on the Registry must obtain the registrant's signed, written agreement to be contacted by the telemarketer. *Id*. § 64.1200(c)(2)(ii). The written agreement must also include the telephone number to which the calls may be placed. *Id*.

12. A person whose number is on the Registry and has received more than one telephone solicitation within any twelve-month period by or on behalf of the same entity in

COMPLAINT—CLASS ACTION - 3
CASE NO. 3:20-CV-6141

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

violation of the TCPA, can sue the violator and seek the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. § 227(c)(5).

13. Plaintiff, on behalf of herself and all others similarly situated, brings this case as a class action asserting claims against Defendant under the TCPA.

14. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the unsolicited text messages at issue were and are being sent in the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA.

15. This action seeks relief expressly authorized by the TCPA: (a) injunctive relief enjoining Defendant from sending unsolicited text messages with an ATDS without prior express consent; (b) injunctive relief enjoining Defendant from sending unsolicited automated text messages that include or introduce advertisements or constitute telemarketing without prior express written consent; and (c) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and, in the event of finding a willful or knowing violation, to have such damages trebled, as provided by § 227(b)(3) of the Act

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this action arises under the TCPA, a federal statute.

17. The Court has personal jurisdiction over Defendant because it conducts business in this District, and the unlawful conduct alleged in this Complaint occurred in this District.

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 because this case involves federal questions.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in this District.

COMPLAINT—CLASS ACTION - 4
CASE NO. 3:20-CV-6141

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

**PARTIES**

20. Plaintiff, Theresa Shortman, is a citizen of Washington.

21. Defendant, Newsmax Media, Inc., is a Delaware corporation with its principal place of business in Boca Raton, Florida.

22. Whenever in this Complaint it is alleged that Defendant committed any act or omission it is meant that Defendant's officers, directors, employees, and/or agents committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, directors, employees, and agents.

**FACTUAL ALLEGATIONS**

23. On or about November 3, 2020, Defendant sent Plaintiff two text messages in quick succession to her cellular telephone number. Screenshots of the Texts are attached hereto as Exhibit A.

24. The Texts deal with election coverage on Defendant's pay-television station, Newsmax TV, and request Plaintiff to watch that TV station. The Texts contain a hyperlink to the Newsmax TV website, https://www.newsmaxtv.com/. The Newsmax TV website lists pay cable and satellite TV providers that carry Newsmax TV and also state "Don't get Newsmax TV? **Call us at 844-500-6397**" and "Get Newsmax on your cable, call us at: 844-500-6397."

25. The Texts were sent via short-code number 39747. Plaintiff is informed and believes, and upon such information and belief avers, that short-code telephone numbers are used by companies, such as Defendant, to message consumers *en masse*. The use of short code is indicative of non-human messaging because people do not have cellular phones with short codes.

26. The Texts are impersonal in nature and do not even refer to Plaintiff by name. The Texts, therefore, could have been transmitted to anyone without changes.

COMPLAINT—CLASS ACTION - 5
CASE NO. 3:20-CV-6141

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

27. Based on the foregoing, no human directed the text messages to Plaintiff's cellular number; rather, Plaintiff's number was called using an ATDS as defined by 47 U.S.C. § 227(b)(1)(A) and the FCC.

28. The Texts were sent using equipment with the capacity to store telephone numbers to be called, and to dial those numbers.

29. The Texts were sent using equipment with the capacity to produce telephone numbers to be called, using a random or sequential number generator, and to dial those numbers.

30. Plaintiff's cellular telephone number was registered with the National Do Not Call Registry on or about December 1, 2006, and that registration was never revoked. Plaintiff's cellular telephone number is for personal use and she is its sole user.

31. Plaintiff never provided her prior express consent or prior express written consent to Defendant for the purpose of sending texts to her cellular telephone number for any purpose, much less advertising and/or telemarketing Defendant's products and services.

32. As a result of receiving the Texts, Plaintiff incurred expenses to her wireless service, wasted data storage capacity, suffered the nuisance, waste of time, and aggravation that accompanies receipt of such unauthorized advertisements, and was subjected to an intrusion upon her seclusion and invasion of privacy.

33. On information and belief, Defendant sent the same or substantially similar texts as to Plaintiff *en masse* to a list of thousands of cellular telephone numbers using an ATDS.

34. On information and belief, the Class members, like Plaintiff, did not provide Defendant with either prior express consent or prior express written consent to receive such text messages and, as a result, incurred expenses to their wireless services, wasted data storage capacity, suffered the aggravation that accompanies receipt of such unauthorized advertisements, and were subjected to an intrusion upon seclusion.

COMPLAINT—CLASS ACTION - 6
CASE NO. 3:20-CV-6141

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

35. On information and belief, Defendant sent the same or substantially similar texts as to Plaintiff to Class members that had their telephone numbers registered in the National Do Not Call Registry

## CLASS ACTION ALLEGATIONS

36. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings this class action on behalf of the following Classes:

### Autodialed Class

All individuals in the United States who, within the four years prior to the filing of the instant Complaint, received texts to their cellular telephones from Defendant through the use of an automatic telephone dialing system and who did not provide prior express consent to receive such texts.

### Autodialed Telemarketing Class

All individuals in the United States who, within the four years prior to the filing of the instant Complaint, received texts advertising Defendant's property, goods, or services to their cellular telephones from Defendant through the use of an automatic telephone dialing system and who did not provide prior express written consent to receive such texts.

### Do Not Call Registry ("DNC") Class

All persons whose telephone numbers were listed on the Do Not Call Registry, and who, during the four years prior to the filing of this Complaint, received more than one text within any twelve-month period that was sent by or at the direction of Defendant to promote the sale of Defendant's services.

Excluded from the Classes are the Defendant and its officers, directors, employees, and agents and members of the Judiciary. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

37. Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Classes is

COMPLAINT—CLASS ACTION - 7
CASE NO. 3:20-CV-6141

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of Class members is at least forty (40) based on Defendant's use of automated and impersonal text message content and use of short code to send the Texts.

38. <u>Commonality (Fed. R. Civ. P. 23 (a)(2)):</u>  Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

   a. Whether Defendant sent non-emergency text messages to Plaintiff and the Class members' cellular telephones using an automatic telephone dialing system;

   b. Whether Defendant had prior express consent and/or written consent to send its automated text messages;

   c. Whether Defendant systematically made multiple calls and sent multiple text messages to Plaintiff and consumers whose phone numbers were registered in the National Do Not Call Registry;

   d. Whether Defendant's conduct was knowing and/or willful;

   e. Whether Defendant is liable for damages, and the amount of such damages; and;

   f. Whether Defendant should be enjoined from such conduct in the future.

39. <u>Typicality (Fed. R. Civ. P. 23(a)(3)):</u>  Plaintiff's claims are typical of the claims of all Class members. Plaintiff received the same or substantially similar unsolicited text messages as the other Class members sent by or on behalf of Defendant advertising the availability or quality of goods and services of the Defendant during the Class Period. Plaintiff is making the same claims and seeking the same relief for herself and all Class members based

COMPLAINT—CLASS ACTION - 8
CASE NO. 3:20-CV-6141

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

upon the same federal statute. Defendant has acted in the same or in a similar manner with respect to the Plaintiff and all the Class members by sending Plaintiff and each member of the Class the same or substantially similar text messages.

40. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

41. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

    a. Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

    b. Evidence regarding defenses or any exceptions to liability that Defendant may assert and attempt to prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

    c. Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to Plaintiff and all Class members;

    d. The amount likely to be recovered by individual Class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

    e. This case is inherently manageable as a class action in that:

COMPLAINT—CLASS ACTION - 9
CASE NO. 3:20-CV-6141

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

i. Defendant identified persons or entities to receive the unauthorized text messages and Defendant's computer and business records will likely enable Plaintiff to readily identify class members and establish liability and damages;

ii. Liability and damages can be established for Plaintiff and the Class with the same common proofs;

iii. Statutory damages are provided for in the statute and are the same for Plaintiff and all Class members and can be calculated in the same or a similar manner;

iv. A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

v. A class action will contribute to uniformity of decisions concerning Defendant's practices; and as a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## COUNT I
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii) – ATDS/Telemarketing Calls**

42. Plaintiff incorporates by reference paragraphs 1-35 as if fully set forth herein.

43. As stated, the TCPA prohibits the use of auto-dialers to make <u>any</u> call to a cellular telephone number in the absence of an emergency or the prior express consent of the person being called. 47 U.S.C. § 227(b)(1)(A)(iii). The FCC has further clarified that, except for calls made by tax-exempt nonprofit organizations or health care messages, any telephone call using an automatic telephone dialing system that includes or introduces an advertisement or constitutes telemarketing must have prior express <u>written</u> consent as provided at 47 C.F.R. § 64.1200(f)(8) to be compliant with the TCPA. 47 C.F.R. § 64.1200(a)(2) (emphasis added).

COMPLAINT—CLASS ACTION - 10
CASE NO. 3:20-CV-6141

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

44. Plaintiff received two texts from Defendant on or about November 3, 2020 advertising Defendant's TV services.

45. The Texts were impersonal in nature and requested Plaintiff to watch Defendant's TV station. The Texts were also sent via short code.

46. Plaintiff did not provide either her prior express consent or her prior express written consent to receive such texts.

47. Based on the foregoing, on information and belief, Defendant sent the same or substantially similar texts to the Class members *en masse* without their prior express consent or prior express written consent.

48. Defendant sent the Texts, or had them made and sent on its behalf, using an automatic telephone dialing system with "the capacity--(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

49. Defendant utilized equipment that sent text messages, including the Texts here, to Plaintiff and other Class members simultaneously and without human intervention.

50. By sending such texts to Plaintiff and the Class, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

51. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. To the extent the Court finds that Defendant's conduct was knowing or willful, the Court may treble the amount of damages. Plaintiff and the Class are also entitled to an injunction against texts sent by or on behalf of Defendant that utilize an ATDS.

COMPLAINT—CLASS ACTION - 11
CASE NO. 3:20-CV-6141

Smith & Dietrich Law Offices PLLC
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

## COUNT II
## Violation of 47 U.S.C. § 227(c)(5) – Do Not Call Registry

52. Plaintiff incorporates by reference paragraphs 1-35 as if fully set forth herein.

53. As demonstrated above, Defendant sent the Texts to Plaintiff even though her cellular telephone number was registered with the National Do Not Call Registry.

54. Based on the impersonal nature of the Texts and the use of short code to send them, Defendant sent the Texts *en masse* to Plaintiff and the DNC Class members.

55. Thus, on information and belief, Defendant violated 47 C.F.R. § 64.1200(c) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers who had registered their telephone numbers in the National Do Not Call Registry, such as Plaintiff and the DNC Class, without instituting procedures that comply with the regulatory minimum standards as described in 47 C.F.R. § 64.1200(c)(2)(i).

56. On information and belief, Defendant never obtained prior express written permission to send the Texts to Plaintiff or the DNC Class.

57. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the DNC Class members received more than one text in a 12-month period sent by or on behalf of Defendant. As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class suffered harm and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia,* to receive up to $500 in damages for such violations.

58. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the DNC Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Theresa Shortman, individually and on behalf of the Classes, respectfully requests the following relief against Defendant, Newsmax Media, Inc.:

    a. An order certifying this matter as a class action with Plaintiff as Class

COMPLAINT—CLASS ACTION - 12
CASE NO. 3:20-CV-6141

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952

1  Representative, and designating Anderson + Wanca as lead Class Counsel;

2  b. An award of statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

3  c. An award of statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3);

4  d. An award of statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(c);

5  e. Injunctive relief prohibiting the Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A); and

6  f. For such other and further relief as the Court deems necessary, just, and proper.

Respectfully submitted,

THERESA SHORTMAN, individually and as the representative of a class of similarly-situated persons

By: *s/ Walter Smith*

Walter Smith
SMITH & DIETRICH LAW OFFICES, PLLC
3905 Martin Way East, Suite F
Olympia, WA  98506
Telephone:  360-915-6952
walter@smithdietrich.com
*Local Counsel for Plaintiff*

RYAN M. KELLY *(pro hac vice to be submitted)*
ANDERSON + WANCA
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL  60008
Telephone: 847-368-1500
Facsimile:  847-368-1501
rkelly@andersonwanca.com
*Counsel for Plaintiff*

COMPLAINT—CLASS ACTION - 13
CASE NO. 3:20-CV-6141

**Smith & Dietrich Law Offices PLLC**
3905 Martin Way E, Suite F
Olympia, WA 98506
Tel. (360) 915-6952